## THE STATE v. BRIGGS.

1. **Appeal:** PRACTICE: DEFECTIVE ABSTRACT. A motion to quash the indictment was overruled. *Held* that the ruling could not be reviewed, since the abstract fails to show that it contains all the evidence on which it was based.

2. ——: ——: ABSTRACT MUST SHOW JUDGMENT APPEALED FROM. An appeal cannot be taken until after judgment, which must be shown by the abstract, and not by the argument of counsel, to give this court jurisdiction.

*Appeal from Hardin District Court*—HON. JOHN L. STEVENS, Judge.

THURSDAY, DECEMBER 15.

THE defendant was indicted and convicted of grand larceny. He now appeals to this court.

*Williams & Baker,* for appellant.

*A. J. Baker, Attorney-general,* for the State.

BECK, J.—I. The objections to the judgment urged in argument will be noticed in the order of discussion pursued by counsel. The defendant moved to quash the indictment, on the grounds that the names of all the witnesses examined before the grand jury were not indorsed on the indictment, and all the minutes of the evidence taken before the grand jury were not returned with the indictment. In support of this motion defend-

ant filed the affidavits of himself and another who was indicted with him.     We need not inquire whether the cause alleged is sufficient to require the indictment to be quashed. The abstract fails to show that we have before us all the evidence submitted on the motion.     We cannot presume that the facts brought to the knowledge of the court did not authorize the court to overrule the motion on the ground that it was not supported thereby.     We cannot presume error, but rather must presume all matters which will support the decision.

II.     Counsel claim that evidence of admissions of defendant were erroneously admitted, for the reason that they were induced by promises of immunity.     But it is sufficient to say that the abstract and amended abstract show that no such inducements existed.

III.     A witness, in giving the time of a conversation, stated that it was after defendant had had his trial on the preliminary examination, as we understand it.     This is complained of for the reason that, as it is alleged, evidence of another trial was admitted.     No evidence of the trial was given further than a reference to it in order to fix a date.     The abstract does not show the matters on which the motion is based.     The foregoing are specimens of numerous objections, all of as little merit as those we have noticed.     They demand no attention.

IV.     It is insisted that the verdict is not supported by the evidence.     We think there is no ground for interfering with the verdict.     We cannot hold that it is not the honest, unbiased and intelligent expression of the conclusion of the jury, based upon the evidence before them.     On no point can it be said that there is such absence of proof as would authorize us to interfere.

V.     But for another reason we cannot interfere in the case. The abstract upon which it is tried fails to show that a judgment was entered in the case.     The defendant cannot appeal until after judgment, which must be shown, to give us jurisdiction. (Code, § 4522.) Counsel in their argument state that there was a judgment

2. ——:——: abstract must show judgment appealed from.

entered. We do not go to the arguments of counsel for the facts of a case, but to the abstract on which it is submitted. The judgment of the district court must be

AFFIRMED.